## GRISWOLD *v.* SABIN.

The charge of making a fraudulent representation is not sustained by showing that the representation was simply false. It must be made with a fraudulent intent.

In contracts for the purchase and sale of real estate, where the vendee refuses to receive the deed and pay for the land, the measure of damages which the vendor may recover in a suit at law is the difference between the price agreed to be paid for the land, and its real value at the time the contract was broken.

In such case, where the defendant refuses to receive the deed and pay for the land, it is immaterial whether the plaintiff keeps or sells the land; and if he sells it, he is not bound to obtain the defendant's consent to the sale, or to consult him in relation thereto.

COVENANT, by Henry W. S. Griswold against Jedediah Sabin. First plea, *non infregit conventionem.* Second plea, " that the said deed in the said declaration mentioned was obtained by the plaintiff of the defendant by the fraud and covin of the said plaintiff." Upon these pleas issues were joined.

The alleged fraud and covin consisted in the plaintiff's representation that a certain farm cost him $6,000, or that he paid that price for it, whereby the plaintiff was induced to agree to purchase it for that price.

Upon the trial, the defendant's counsel requested the court to charge the jury that " if Griswold made statements which were false, and were material to the contract, which the defendant had a right to rely upon, and thereupon made a contract to his injury, it is not necessary that such statements should have been made *malo animo ;* that if the statements were false, material, and were acted upon in the exercise of ordinary prudence as true, the intent of the plaintiff is immaterial."

The court declined so to charge the jury, but instructed them that if the plaintiff made to the defendant a false and fraudulent representation concerning the price paid by him for the farm, knowing such representation to be false and fraudulent, intending thereby to deceive the defendant, if such representation was material, if the defendant had a right to rely upon such representation as true, and did rely upon it, and was thereby induced to make the agreement for the purchase, the plaintiff could not recover damages.

With regard to the materiality of the representation, the jury were instructed that the rule is, that if the fraud be such that had it not been practised the contract would not have been made, then it is material ; but if it be shown or made probable that the same thing would have been done by the parties in the same way if the fraud had not been practised, it cannot be deemed material.

Upon the point whether the defendant had a right to rely upon the plaintiff's representation, the jury were told that the defendant was bound to the exercise of ordinary prudence and vigilance.

. And the jury were told that, in view of all these considerations, if the defendant entered into the contract for reasons and upon motives or inducements not mainly controlled by the plaintiff's false representations, the plaintiff would be entitled to recover; otherwise, the defendant.

The written agreement between the parties stipulated for the payment by the defendant to the plaintiff of $6,000, upon tender of a sufficient warranty deed of the premises within a certain time. Such deed was tendered to the defendant according to the terms of the contract, but the defendant refused to accept that or any deed, or to complete the purchase. Whereupon the plaintiff, after the lapse of some months, sold the premises for $5,500.

The defendant requested the court to charge the jury, " that if there was a breach of covenant on the part of the defendant, and the plaintiff afterward sold and conveyed the property without the consent of the defendant, the plaintiff is entitled to recover only nominal damages."

This request the court denied, and instructed the jury that the measure of damages was the difference between the stipulated price and the actual value of the property at the time of the breach.

For the refusal to give the instructions requested, and to those given, the defendant excepted.

Verdict for plaintiff for $100 damages.

The case was reserved.          .

*Lane & Healey,* for the defendant.

This case presents two questions: First: Whether there must be a fraudulent *intent* on the part of a party who makes material misrepresentation in securing a contract, to render such contract voidable ; and, Second: What is the proper rule of damages where a party refuses to accept a deed of real estate, and pay for it, in accordance with his contract under seal ? 1. The principle which distinguishes an act which may be the foundation of a civil suit for damages from one which may constitute a crime, consists in the *quo animo* with which the act is done. The wicked intent is the essence of crime. 3 Greenl. Ev. 13 ; 4 Black. Com., ch. 2. The injurious act, without regard to a wicked intent thereby to injure, is, in general, a good foundation for a civil action. 2 Greenl. Ev., sec. 622, and cases ib. 224 ; 1 Chit. Pl. 154, 389 ; by Lord Kenyon, 2 East 102 ; 1 Story's Eq., secs. 193, 200 ; 2 Kent 487, and note *b ;* 2 Par. Cont. 267, note *o ;* ib. 287, note *a.* Such misstatements are fraudulent, or evidence of fraud. *Haycroft* v. *Creasy,* 2 East 103, per Lord Kenyon ; *Bedell* v. *Stevens,* 28 N. H. 125 ; *Hoitt* v. *Holcomb,* 23 N. H. 551. 2. In analogy to other cases where, it seems to us, the substantial merits require the same rule, the ruling of the court in this case, on the question of damages, was erroneous, and should have

been, in any event, only for nominal damages. It is well settled that in actions of covenant on the failure of title to real estate on a deed of warranty, no damages can be recovered beyond the purchase money and interest on it. However valuable the trade might be in itself beyond this, still a party cannot recover any damages for its not being faithfully performed. This question is fully discussed in *Willson* v. *Willson*, 25 N. H. 229 ; 2 Par. Cont. 499, and notes. Now if A gives to B a deed of warranty of a farm to which he has no title for $1,500, which is actually worth $2,000, and B, on his action of covenant against A, is entitled to recover only the purchase money and interest, and nothing for the loss of $500 in the trade, what sound reason can be given, if A makes another contract under seal with B in which B agrees to accept of him a deed of another farm to which he happens to have a valid title, and agrees to give him $1,500 for it while it is actually worth only $1,000, and fails to perform this agreement, why A should recover the value of the trade, $500, instead of barely nominal damages or none at all ? Where are A's merits or B's demerits in these cases? In the one case, A failed to convey to B a good title to the farm, as he undertook to do; and in the other case, B failed to accept a deed and pay for the other farm, as he had agreed : B recovers back his $1,500 which he had parted with on the trade : A parted with nothing and should therefore receive nothing. Parsons says that when the proposed vendee is sued, " if he has neither taken the land nor paid the price, in England the plaintiff recovers only nominal damages, unless the land has fallen in value or he has otherwise suffered ;" and he thinks this rule " well established " in this country. 2 Parsons Cont. (4th ed.) 506.

*Wheeler & Faulkner*, for the plaintiff.

1. The defendant, seeking to avoid his deed under the plea of " fraud and covin," must sustain that plea by the appropriate evidence, or fail in his defence : he cannot sustain it by proving something else, even although the other matter so proved would, if properly pleaded, have constituted a defence.

False representations, although sometimes evidence tending to establish fraud, are not, *per se*, fraudulent. The same evidence is requisite to support this plea as to sustain an action for deceit by fraudulent representations ; and that it is necessary in such action to establish that the representation alleged to be fraudulent was not only false, but was made with knowledge of its falsity, is established by a series of decisions too numerous and respectable to admit now of question. *Bedell* v. *Stevens*, 28 N. H. 125 ; *Tryon* v. *Whitmarsh*, 1 Met. 1 ; *Mahurin* v. *Harding*, 28 N. H. 128 ; *Hanson* v. *Edgerly*, 29 N. H. 343 ; *Hoitt* v. *Holcomb*, 23 N. H. 535 ; *Jones* v. *Emery*, 40 N. H. 348 ; *Page* v. *Parker*, 40 N. H. 47 ; *Pettigrew* v. *Chellis*, 41 N. H. 95.

2. It is impossible to see upon what grounds an exception to the ruling, or refusing to rule, as to the measure of damages, can be based.

Whether the contract relate to the purchase of land or chattels, the rule for the measure of damages in consequence of the breach should be and is the same, namely, that the vendor is entitled to recover the difference between the agreed price, and the actual value of the property sold at the time of the breach. To permit this rule to be varied by the fact that the assent of the defendant, who had " refused to accept that or any other deed, or to complete the purchase," had not first been obtained, would be an absurdity.

The doctrine contended for by the defendant would always leave the vendor at the mercy of the vendee : if the contract should appear on the whole to be advantageous, the latter would complete it ; but if otherwise, he would refuse, under no severer penalty than being obliged to pay nominal damages, if the vendor should think fit to sue for these. *Old Colony Railroad* v. *Evans,* 6 Gray 25 ; *Stevens* v. *Lyford,* 7 N. H. 360 ; *Mitchell* v. *Gile,* 12 N. H. 394 ; *Woodbury* v. *Jones,* 44 N. H. 209 ; *Frothingham* v. *Morse,* 45 N. H. 546.

SARGENT, J.   The defendant alleges in his second plea that the deed or agreement upon which the declaration was founded was obtained of the defendant by the fraud and covin of the plaintiff. *Fraud* is *charged,* and must be *proved* to sustain this plea. If the plaintiff made a representation ˙honestly to the defendant, which was material, and which proved to be false, upon which the defendant acted to his injury, that would not sustain a charge of fraud. An honest mistake is not a fraud. The term *malo animo* is treated in the defendant's brief as meaning some *criminal* intent ; but it was evidently treated in the charge to the jury as meaning simply a *fraudulent* intent, and that is the sense in which the term is used as often and as appropriately as in any other.

The exceptions to the other rulings of the court, aside from those relating to the rule of damages, are waived by the defendant in argument, and we have not considered them attentively.

As to the rule of damages in this case, there is more room for argument. The rule in England is understood to be well settled in cases of contracts for the sale of real estate, and is this : " Where the vendee refuses to perform, the measure of damages is held to be the difference between the price fixed in the contract, and the value at the time fixed on for the delivery of the deeds." *Laird* v. *Pim,* 7 M. & W. 474, and cases cited.

It has been said to follow from this rule that if the property does not fall in value, the vendor can recover nothing but nominal damages. But that would be assuming that the price agreed on by the parties was the true value, which would ordinarily be the case where the trade was made in good faith.

The same was settled to be the law of Massachusetts, after several rulings the other way, in *Old Colony Railroad* v. *Evans,* 6 Gray 25, where the court say,—" Upon more full consideration of the question of the measure of damages, in an action at law where the defendant

has refused to receive the deed tendered him, the court are of opinion that the proper rule of·damages in such a case is the difference between the price agreed to be paid for the land, and the salable value of the land at the time the contract was broken."

In Maine a different rule was established, in *Alna* v. *Plummer*, 4 Greenl. 258, and in numerous cases in New York, cited in *Richards* v. *Edick*, 17 Barb. 260–265, where it is held that in this class of cases " the vendor is entitled to recover the full purchase price." But in the opinion, GRIDLEY, J., admits that this rule is not equitable, and that, if it were a new question in that State, " there would be great reason for adopting the principle which is now held to be the law of the English courts." But he felt bound by the precedents in that State, on the ground that the rule had there become so well established that it ought not to be disturbed ; though the rule is there held to be different in regard to contracts for the sale of personal property.

In this State the rule is well settled in regard to contracts for the sale of personal property. *Stevens* v. *Lyford*, 7 N. H. 360 ; *Woodbury* v. *Jones*, 44 N. H. 209 ; *Gordon* v. *Norris*, 49 N. H. 376, and cases cited, 385, 386 ; *Haines* v. *Tucker*, 50 N. H. 307–313.

And we think the same rule should and must be applied in case of contracts for the sale of real estate, where the vendee refuses to receive the deed and pay the price according to the contract.

In this case the defendant objects that the instructions he requested were not given, viz., that if the defendant had broken his covenant, and the plaintiff afterwards sold and conveyed the property without the defendant's consent, the plaintiff is entitled to recover only nominal damages. The defendant having broken his contract, the plaintiff might have brought his bill in chancery to compel a specific performance, or he might bring his suit at law for damages on account of its breach. Under the instructions given, it made no difference whether the plaintiff had sold the land or not : its real value at the time when the defendant broke his contract was the only question. If the plaintiff had sold the land at public auction, and notified the defendant, he might have been estopped to say that the price obtained was not its true value. But as the case stands, the plaintiff having sold the land at private sale, he cannot claim that the price obtained was the true value ; but as we have seen, upon the instructions given, which we hold to be correct, it became entirely immaterial whether the plaintiff had sold the land or not, or for what price. And least of all could he be required to obtain the plaintiff's consent to the sale, which he might never have been able to do. Upon this general subject of the rule of damages in this class of cases, limited to contracts for the purchase of real estate, see Sedgwick on Damages 203, and cases ; 2 Parsons on. Contracts (4th ed.) 506, and cases cited.

*Judgment on the verdict..*